**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY CO., | Case Number: 06-12895 |
| Plaintiff, | Hon. Arthur J. Tarnow |
| v. | District Judge |
| R.L. POLK & CO., | Virginia M. Morgan |
| Defendant. | Magistrate Judge |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DE 20] GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DE 22], AND GRANTING DEFENDANT'S MOTION TO COMPEL [DE 16]**

**INTRODUCTION**

Before the Court are the parties' cross motions for summary judgment – Plaintiff's Motion for Summary Judgment [DE 20], and Defendants' Motion for Partial Summary Judgment [DE 22] – as well as Defendant's Motion to Compel [DE 16], on which the Court heard oral argument January 30, 2008. At the hearing, the parties requested the Court clarify Plaintiff's right to reimbursement of defense costs, in the event that it is determined on appeal that Plaintiff owed Defendant no duty to defend. The parties submitted additional Memoranda of Law on that issue, which the Court has reviewed, along with the pleadings and transcript.

As to the Summary Judgment motions, Defendant's motion is GRANTED, and Plaintiff's motion DENIED, for the reasons stated on the record at the motion hearing. Because the Court has now determined that Plaintiff has a duty to defend Defendant, Defendant's motion to compel is GRANTED.

As to the remaining issue, for the reasons stated below, the Court finds that Plaintiff is only entitled to reimbursement of defense costs for those claims which were clearly not potentially or arguably covered by the policy. That is, where Plaintiff has a duty to defend Defendant, Plaintiff has no duty to reimbursement. As the Court found excluded from Plaintiff's duty to defend only

those claims arising from any discrete acts of Defendant which occurred before the effective date of the policies at issue, Plaintiff retains a right of reimbursement only to those excluded claims.

## ANALYSIS

At the hearing, the parties agreed Michigan law applies. The most applicable and recent Michigan Court of Appeals decision on the issue of reimbursement addressed restitution for defense costs when no duty to defend exists. In *NCMIC Ins. Co. v. Dailey*, 2006 WL 2035597, *6 (Mich.App. July 20, 2006), an insurer sought recovery of attorney fees incurred defending a law firm from malpractice, following rescission of the underlying insurance contract for misrepresentation. *Id.* at *1.

The *NCMIC* court held that "the trial court erred in denying NCMIC's motion for restitution with respect to its attorney fees and other costs expended to defend defendants in the Dudzik litigation." *Id.* at *5. It explained that "[a] contract will be implied in law where it would be inequitable for a defendant to retain a benefit received from a plaintiff, absent reasonable consideration." *Id.* at *6 (citing *In re McKim Estate*, 238 Mich.App 453, 457, 606 N.W.2d 30 (1999)).

In a footnote, the decision reviewed case law from other jurisdictions, which predicated such recovery on the receipt and notice from a reservation of rights letter. *Id.* at *5 n.5. The court held it unnecessary for the insurer to reserve expressly in its reservation-of-rights letters the right to reimbursement of defense costs. *Id.* at *5. The court found sufficient notice in a subsequent letter which indicated the insurer's intent to seek restitution. *Id.*

Defendant argues that the "modern trend" is to find, contrary to *NCMIC*, that insurers are not entitled to reimbursement, citing, *inter alia*, *General Agents Ins. Co. of America, Inc. v. Midwest Sporting Goods Co.*, 215 Ill.2d 146, 828 N.E.2d 1092, 293 Ill.Dec. 594 (2005). However, this Court finds that the *NCMIC* decision indicates that Michigan has not yet adopted that line of reasoning.

*Buss v. Superior Court*, 16 Cal.4th 35, 939 P.2d 766, 65 Cal.Rptr.2d 366 (1997), provides further guidance. Like *NCMIC*, *Buss* found that an insurer was entitled to reimbursement of the costs of defending an insured, but only when it unequivocally had no duty to defend. *Buss*, 939 P.2d at 776.

In California (as in Michigan), the duty to defend is broader than the duty to indemnify. *Id*. at 773. If an action even arguably appears covered by an insurance policy, the insurer has a duty to defend. *Id*. *Buss* only found reimbursement appropriate when the absence of a duty to defend was unequivocal. *Id*. at 776. *Buss* explained why this was appropriate:

> Under the policy, the insurer does not have a duty to defend the insured as to the claims that are not even potentially covered. With regard to defense costs for these claims, the insurer has not been paid premiums by the insured. It did not bargain to bear these costs. To attempt to shift them would not upset the arrangement.

*Id*.

Accordingly, the Court rules that for those claims which clearly and unequivocally do not give rise to a duty to defend, that is, those claims arising from Defendant's conduct before the effective dates of its policies with Plaintiff, Plaintiff may recoup defense costs incurred. However, for all claims which even arguably fall under Defendant's insurance policy, Plaintiff may not recoup defense costs, even if it is later determined the duty to defend did not exist.

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [DE 20] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment [DE 22] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Compel [DE 16] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is to pay Defendant for all outstanding defense cost statements to which it has no legitimate objection, within 14 days of this order.

IT IS FURTHER ORDERED that Plaintiff is to identify and notify Defendant of all objections to any such cost statements, within 14 days of this order.

SO ORDERED.

                S/ARTHUR J. TARNOW
                Arthur J. Tarnow
                United States District Judge

Dated: March 24, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2008, by electronic and/or ordinary mail.

                S/THERESA E. TAYLOR
                Case Manager