**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRAVELERS PROPERTY CASUALTY
CO., *et al.*,                                                    Case Number: 06-12895

      Plaintiffs,                               Hon. Arthur J. Tarnow
v.                                                                District Judge

R.L. POLK & CO.,                                                  Virginia M. Morgan
                                                                  Magistrate Judge
      Defendant.
_____/        _____/

**SECOND AMENDED ORDER DENYING PLAINTIFF TRAVELERS' EMERGENCY MOTION FOR A STAY PENDING APPEAL [DE 41], GRANTING DEFENDANT'S MOTION TO COMPEL [DE 52], AND REFERRING THE MATTER TO THE MAGISTRATE JUDGE FOR A DETERMINATION OF THE AMOUNT OF LEGAL FEES TO BE PAID**

## I. INTRODUCTION

Plaintiffs brought this declaratory judgment action pursuant to 28 U.S.C. § 2201, to determines their rights and obligations under insurance policies issued to Defendant, a Florida company facing a class action lawsuit. On March 24, 2008, this Court ruled that Plaintiff Travelers (hereinafter "Plaintiff") had a duty to defend Defendant, except as to events which occurred before the policy's effective date. It ruled further that for those claims which clearly and unequivocally do not give rise to a duty to defend, Plaintiff may recoup defense costs incurred. However, the Court found no right of reimbursement for any claims which even arguably fell under Defendant's insurance policy, even if it were later determined Plaintiff had no duty to defend.

Before the Court is Plaintiff Travelers' Emergency Motion for a Stay Pending Appeal [DE 41] and Defendant's Motion to Compel Compliance with this Court's March 24, 2008 Order [DE 52]. If the motion for stay is granted, Plaintiff seeks to avoid the imposition of a supersedeas bond. If not, Plaintiff requests a deadline extension to permit discovery to support legitimate objections to Defendant's defense costs.

The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and briefs, and that the decision process would not be significantly aided by oral

argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), these motions will be decided on the briefs and without oral argument. For the reasons stated below, Defendant's motion is GRANTED, and Plaintiff's motion DENIED.

## II. ANALYSIS

**A. Stay pending appeal is denied**

*Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001), reviewed the factors that

> govern a stay pending appeal. Those factors are 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay.

*Id.* (citing *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir.1991)).

The seeker of a stay must demonstrate likelihood of success on the merits to a degree inversely proportional to the harm. *Id.* Furthermore, "[m]ore than a possibility of success must be shown, and 'even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [nonmoving party] if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.' " *Id.* (quoting *Michigan Coalition*, 945 F.2d at 153) (alteration in original).

Here, Plaintiff complains that the irreparable harm is the "unnecessary and unwarranted funding of Polk's defense of the Underlying Action, without a right of reimbursement, should the Sixth Circuit find that Travelers did not owe Polk a duty to defend." Pl. Br., 6. Plaintiff also states that if this Court does not grant a stay, its appellate rights will have been "rendered a nullity."

First, Plaintiff's appellate rights have not been "rendered a nullity." Plaintiff is free, within the bounds of the Federal Rules of Civil and Appellate Procedure, to appeal any aspect of this Court's March 24 Order. This includes the ruling that Plaintiff has no right of reimbursement for those issues on which it had a duty to defend.

Second and more importantly, Plaintiff has not demonstrated either irreparable harm or the likelihood of success on the merits. This Court's Order to Plaintiff to pay Defendant's legal fees position is supported by case law which establishes that the duty to defend is broader than the duty is indemnify. This indicates that insurance companies may occasionally pay defense costs even when not technically obligated to by the contract alone. Plaintiff is simply being ordered to comply with its obligations under Michigan case law.

*Aetna Casualty & Surety Co. v. Dow Chemical Co.* explains the broader duty:

> An insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are *any* theories of recovery that fall within the policy. That is, if coverage is provided for some claims in the underlying suit, the insurer *must* defend all of the claims in underlying suit. If there is doubt regarding whether the insurer has the duty to defend, *the doubt must be resolved in favor of the policyholder.*

933 F.Supp. 675, 679 (E.D.Mich. 1996) (citing *Detroit Edison v. Michigan Mut. Ins. Co.*, 102 Mich.App. 136, 142, 301 N.W.2d 832, 835 (1980); *American Bumper and Mfg. Co. v. Hartford Fire Ins. Co.*, 207 Mich.App. 60, 68, 523 N.W.2d 841, 844 (1994)) (quotation marks omitted; emphasis added).

A California court similarly interpreted the broader duty to defend to require an insurer to cover all claims "even arguably" covered by an insured's insurance policy. It found that duty arose from

> an obligation imposed by law in support of the policy. To defend meaningfully, the insurer must defend immediately. To defend immediately, it must defend entirely. . . . The fact remains: As to the claims that are at least potentially covered, the insurer gives, and the insured gets, just what they bargained for, namely, the mounting and funding of a defense.

*Buss v. Superior Court*, 16 Cal.4th 35, 48-49, 939 P.2d 766, 65 Cal.Rptr.2d 366 (1997). *Buss* continues, that as to claims "not even potentially covered" by the policy, the insurer "did not bargain to bear these costs," and should not be held to pay them. *Id*. at 50-51. Here, the Court finds that Plaintiff bargained for coverage of the kind of actions brought in the underlying lawsuit in this case.

3

It is therefore obligated to pay for this defense.

Plaintiff has not adequately demonstrated a likelihood of success on the merits. The standard to be demonstrated is inversely proportional to the prospective irreparable harm. The irreparable harm is only Plaintiff's being held to what it contracted to do. In addition,

> potential monetary damage does not constitute irreparable harm. "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough."

*Baker v. Adams County/Ohio Valley School Bd.*, 310 F.3d 927, 930 (6th Cir. 2002) (quoting *Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974)). Neither the harm nor the likelihood of success on the merits rise to the level that would merit a stay.

In addition, the final factors also weigh against granting the stay. As to harm to the Defendant, it would have to continue to support the cause of its legal defense for the duration of the underlying suit, until final resolution of Plaintiff's appeal. Plaintiff's harm does not outweigh Defendant's. As to the final criteria, the public has an interest in seeing that parties to a contract are held to their obligations. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) ("Enforcement of contractual duties is in the public interest.").

Plaintiff's motion for a stay is therefore DENIED.

Plaintiff also argues that a stay is appropriate, and that it has demonstrated "serious questions" because this case is one of first impression, in that no Michigan court has interpreted the exclusions at issue within these policies. Black's Law Dictionary (8th ed. 2004) defines a "case of first impression" as one "that presents the court with an issue of law that has not previously been decided by any controlling legal authority in that jurisdiction." *See also* S. Lindquist, F. Cross, Empirically Testing Dworkin's Chain Novel Theory: Studying the Path of Precedent, 80 N.Y.U. L. Rev. 1156, 1179 (October 2005) ("A case of first impression is, by definition, one that presents a novel legal question and is not ruled by prior precedents.").

Contrary to Plaintiff's assertions, this is not case of first impression. Rather, it is a standard

contract case, with more than adequate guidance under recent Michigan case law for construction of the policies and exemptions at issue. That is, "an unambiguous contractual provision . . . is to be enforced as written . . ." *Rory v. Continental Ins. Co.*, 473 Mich. 457, 470, 703 N.W.2d 23, 31 (2005). Furthermore, "[i]n ascertaining the meaning of a contract, [a court will] give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Id*. at 464.

This Court has applied *Rory*'s guidance to the policy at issue. The exclusions present no "novel legal questions[s]," and do not present "serious questions" that support the need for a stay.

**B. Plaintiff's requested alternate relief of additional discovery on defense costs**.

Exhibits provided to this Court show that while Plaintiff has expressed general concerns about Defendant's defense costs, Plaintiff has provided no evidence that it has expressed legitimate and specific concerns or objections to Defendant. This is so despite having received monthly billing from Defendant's law firm. The billing report was even modified by the Defendant's chosen law firm in response to Plaintiff's concern. Plaintiff has paid only a small portion to date of Defendant's legal costs.

In its Reply Brief, Plaintiff now asserts that it objects to *all* charges billed by Defendant's second law firm. Pl. Reply Br., 2 n.2. This is a position not previously argued before the Court.

Plaintiff has had ample opportunity to have its questions answered by Defendant as to the legitimacy of its billing practices. No additional discovery period is necessary. Plaintiff's request for this alternative relief is DENIED.

**C. Defendant's motion to compel compliance with this Court's Order**

Finally, Plaintiff argues that Defendant's motion is extraordinary and without authority, because Defendant filed no counterclaim for damages. However, Plaintiff's own Complaint characterizes this suit as "an action for declaratory relief pursuant to 28 U.S.C. § 2201 in which Plaintiff seek an adjudication of their rights *and obligations* under insurance policies it issued to named insured R.L. Polk & Company." Pl. Compl. 1-2 (emphasis added).

5

Section 2202 of the Declaratory Judgment Act states that

> [f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

28 U.S.C.A. § 2202.

Several courts have held that Declaratory Judgment Act permits relief to be awarded to the prevailing party. Construing 28 U.S.C. §§ 2201 and 2202, the Tenth Circuit has said that

> under section 1 of [the A]ct, a district court of the United States may upon the filing of an appropriate pleading declare the legal relations of interested parties, and the declaration entered has the force and effect of a final judgment or decree. And by section 2, the court may grant further or necessary relief based on a declaratory judgment, after notice and hearing. It is not the primary function of the court in a declaratory judgment proceeding to award damages. But the grant of power contained in section 2 of the act is broad enough to vest the court with jurisdiction to award damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceeding.

*Security Ins. Co. of New Haven v. White*, 236 F.2d 215, 220 (10th Cir. 1956).

Furthermore, "A district court may grant further relief, including monetary damages, whether or not it 'ha[d] been demanded, or even proved, in the original action for declaratory relief.'" *Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.*, 155 F.3d 17 (2d Cir. 1998) (quoting *Edward B. Marks Music Corp. v. Charles K. Harris Music Publ'g*, 255 F.2d 518, 522 (2d Cir.1958)). *See also Alexander & Alexander, Inc. v. Van Impe*, 787 F.2d 163, 166 (3d Cir. 1986) ("The prevailing party in a declaratory judgment action subsequently may seek further relief . . . . [which] can include damages.") (citation omitted).

Here, this Court's March 24, 2008, Order determined Plaintiff's obligations under the insurance policies in question, and mandated corresponding relief in the form of payment of defense costs. Section 2202 notes that a hearing would be appropriate when determining "necessary relief." Accordingly, this matter is referred to Magistrate Judge Morgan for such hearing and a Report and Recommendation.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Plaintiff Travelers' Emergency Motion to Stay [DE 41], and its prayer for alternative relief of a fourteen-day discovery are both DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Compel Compliance with the Court's March 24, 2008, Order [DE 52] is GRANTED.

IT IS FURTHER ORDERED that this matter (Defendant's Motion to Compel Compliance [DE 52] ) is referred to Magistrate Judge Virginia M. Morgan, pursuant to 28 U.S.C. § 636(b)(1)(A), for a determination of the amount of defense costs to be paid by Plaintiff Travelers.

SO ORDERED.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: August 13, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 13, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager